## William C. Gray *vs.* John Cropper & another.

In an action against a partnership for fraudulent representations made by one of its mem-
bers, a declaration alleging that he, acting in behalf of the firm, procured a writ of replevin
to be brought in the name of a third person, and signed his own name to the replevin
bond as surety; and that he declared to the plaintiff, who was a deputy sheriff, that the
firm was responsible, and that his signature to the bond bound the firm, and that he was
authorized by the firm to bind it by his signature alone, and thus induced the plaintiff to
accept the bond and to serve the writ, whereby the firm obtained and disposed of the
goods replevied for its own benefit; and that judgment was rendered for the defendant
in replevin, and the goods were not returned, and the firm was not bound by the signa-
ture to the bond, and the plaintiff has been held liable for taking an insufficient bond;
does not set forth sufficient facts to charge the other partner for the fraud.

Tort. The declaration averred that the plaintiff was a dep-
uty sheriff, qualified and authorized to serve civil process; that
the defendant Francis Hemsley, being a partner in business
with the defendant Cropper, negotiating under the firm of
Hemsley & Cropper, on the account and in behalf of the firm
and for the benefit of the same, procured a writ of replevin for
certain goods and chattels to be made in the name of Frederick
A. Belby against Joseph Butterfield, returnable to the court of
common pleas; and also, on account and in behalf and for the
benefit of the firm, procured a replevin bond in the penal sum
of $1200, to be made in the case, and signed by Belby as prin-
cipal, and Joseph Prince as surety; that Hemsley also signed the
bond as a surety; that he then and there declared to the plaintiff
that the firm was worth property and able to pay whatever
might be recovered upon the bond, and that his signature upon
the bond bound the firm, and that he was authorized by the
firm to bind it as a surety upon the bond by his signature alone;
that he then delivered the writ and the bond to the plaintiff, and
requested him to serve the same according to law; that the
plaintiff, relying upon the declarations of Hemsley, and being
ignorant as to the responsibility of Belby and Prince, thereupon,
at Hemsley's request and for the benefit of the firm, served the
writ, and replevied the goods and chattels therein specified, and
returned the writ into court; that, after the service of the writ,

and solely by means thereof, the goods and chattels replevied came into the possession of the firm, and were disposed of by Hemsley & Cropper for their own use and benefit; that afterwards Butterfield recovered judgment against Belby for a return of the goods replevied, with damages and costs, and execution issued thereon, but was never satisfied by Belby, and no return of the goods was ever made; that Hemsley did not by his signature bind the firm, as he falsely declared to the plaintiff, and that, by reason thereof, the sureties on the bond were insufficient; and that the plaintiff has been compelled to pay the judgment recovered by Butterfield, and the value of the goods replevied, and has suffered other damages.

The defendant Hemsley was defaulted; but Cropper demurred to the declaration, assigning for causes: 1st. That it was not alleged that Hemsley was authorized by this defendant, or by the firm of Hemsley & Cropper, to make the declarations set forth, or that this defendant in any way became bound thereby, or responsible therefor; 2d. That it was not alleged that Hemsley was authorized by this defendant, or by the firm of Hemsley & Cropper, to bind the firm by the signature of Francis Hemsley to the bond, or that the firm ever did business under the name of Francis Hemsley.

At the hearing upon the demurrer, in this court, the questions arising thereon were reserved and reported by *Hoar*, J. for the decision of the whole court.

*H. C. Hutchins*, for the defendant Cropper, cited Collyer on Part. § 412; *Palmer* v. *Stephens*, 1 Denio, 471, 482; *Norton* v. *Seymour*, 3 C. B. 792; *Ostrom* v. *Jacobs*, 9 Met. 454; *Kirk* v. *Blurton*, 9 M. & W. 284.

*T. Wentworth*, for the plaintiff. 1. The fraudulent representations were made with reference to a partnership transaction, and therefore both partners are liable. *Willet* v. *Chambers*, Cowp. 814. *Pierce* v. *Jackson*, 6 Mass. 245, note. *Locke* v. *Stearns*, 1 Met. 560. 2. The firm received the benefit of the goods replevied, and must be held to have ratified the act of Hemsley in obtaining them. *Doremus* v. *Mc Cormick*, 7 Gill, 49. *Hawkins* v. *Appleby*, 2 Sandf. 421. *Manufacturers' & Mechanics'*

*Bank* v. *Gore*, 15 Mass. 81. *Boardman* v. *Gore*, Ib. 331. *Rapp* v. *Latham*, 2 B. & Ald. 795. 3. The gist of the present action is the fraudulent assertion by Hemsley of his authority to bind the firm, when in fact he had no such authority. If the plaintiff could allege and prove that Hemsley had such authority, an action on the bond might have been sustained, and there would have been no occasion for the present action. But an action on the bond has been brought, and failed.

CHAPMAN, J. It is among the elementary doctrines of the law of partnership that the act of one partner is the act of all. And whenever one partner does an act which binds the others, it binds them because it is done under such circumstances as to be their act at the time it is done, or to become their act by subsequent occurrences. The declaration alleges facts tending to show that the wrongful act of Hemsley became the tort of both defendants; but the fact intended to be put in issue is stated so indirectly and argumentatively, that the court cannot draw from the averments the legal inference that the defendant Cropper is liable.           *Demurrer sustained*